| | |
|---|---|
| **The Basile Law Firm P.C.**<br>Attorney's & Counselor's at Law<br><br>Mark R. Basile, Esq.<br>Rene L. Basile, Esq. (1932-2016) | 400 Jericho Turnpike - Ste. 104<br>Jericho, NY 11753<br>Phone: 516.455.1500  Fax: 631.498.0478<br>E-Mail: Mark@thebasilelawfirm.com<br>Web: www.TheBasileLawFirm.com |

*Via EXF and U.S Mail*
January 29, 2018

Hon. Naomi Reice Buchwald
United States Courthouse
Southern District of New York

Re:   Adar Bays, LLC v 5BArz International, Inc.
      1:16-cv-6231(NRB)

Dear Judge Buchwald:

This firm represents defendant 5Barz International, Inc. in the above referenced matter. Plaintiff is seeking a pre-motion conference to "strike" defendants Reply Memorandum in Further Support of its Cross Motion to Dismiss this case pursuant to FRCP 12(c). Defendants filing of a Reply, in response to plaintiff's opposition to the cross motion, is proper.

Plaintiff is trying to get the last word in regarding a contentious litigation matter because defendant claims the entire transaction is criminally usurious on its face and void as a matter of law. The sole grounds for defendants cross-motion to dismiss is based on the pleadings and the exhibits attached thereto (DKT#1, Ex's A,B,C and D) and filed with the court. It is proper to seek dismissal of an action based on the defense of criminal usury because a criminally usurious transaction is void as a matter of law, unenforceable, and the Complaint fails to state a cause of action upon which relief can be granted. (see *Rothstein v. Isolation Film LLC*, 2017 U.S. Dist. LEXIS 59133 (S.D.N.Y. Mar. 22, 2017) (held that defendant's motion to dismiss pursuant to FRCP 12(b)(6) be granted on the ground that the contract is void because the interest rate on the loan is criminally usurious).

The fact that the criminal usury defense may raise a triable issue of fact on Plaintiff's summary judgment motion does not vitiate the defense of criminal usury standing alone as a basis for a motion to dismiss. As newly retained counsel on this matter, this office would have moved much earlier than it did had it the opportunity to do so. Our office did not have the time sufficient to do so prior to opposing the summary judgment motion so we incorporated the cross-motion into our opposition, and made it part of our response in opposition. The defense was properly pleaded in the Answer (DKT#35), and as such, defendant responded to plaintiff's summary judgment motion with its opposition, as well as moving to dismiss the case via cross motion pursuant to FRCP 12(c). Just like any other motion, the movant has the right to file a Reply to opposition to its motion. Plaintiff's counsel had notice at the time the cross-motion was made, but failed to object to its filing. Only now, after the fact, does it seek to quiet the defendant by attempting to silence its Reply.

---

*General Counsel – Strategic Business Consulting – Work-Outs – Restructurings – Debt Remediation– Reorganizations*

Page 2
Hon. Naomi Reice Buchwald
January 29, 2018

   At the time the cross-motion was brought, I mistakenly thought that your local rules dispensed with the need of a pre-motion conference request because it was a dispositive motion. I have re-read your local rule 2(B) and accede that your local rules required a pre-motion conference request other than those types of motions specifically identified in that section. However, the legal and factual basis for the opposition to plaintiff's summary judgment motion is premised on the same legal basis for the defendants cross motion to dismiss and would be a natural response, emanating from plaintiff's motion. Had the defendant requested a pre-motion conference to file a motion to dismiss the case based on the defense of criminal usury, this office believes that such request would have been granted by this court.

   The defendant respectfully claims that the Reply is a proper response to plaintiff's opposing defendants cross-motion, and that the cross-motion was properly brought pursuant to FRCP 12(c) seeking dismissal of the case based on the pleadings and documents filed that support the allegations of the complaint.

  For those reasons, defendant respectfully request the court deny plaintiff's request to strike defendants Reply.

                _____/S/ Mark R. Basile_____
                Mark R. Basile, Esq. (MB2201)
                THE BASILE LAW FIRM P.C.
                400 Jericho Turnpike – Suite 104
                Jericho, New York 11753
                Tel. (516) 455-1500
                Fax. (631) 498-0478
                *mark@thebasilelawfirm.com*

To:

Garson, Segal, Steinmertz, Fladgate, LLP
Kevin Kehrli, Esq. (KK1536)
164 West 25th St., Suite 11R
New York, New York 10001
Tel. (212) 380-3623
Fax. (212) 537-4540
  KK@GS2Law.com